CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUN -9 AM 8: 43

DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| JERRY REID | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.  1:15-cv-00070-P-BL |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Safeco's Motion for Summary Judgment. (Doc. 14).

Plaintiff has filed no response to the motion for summary judgment. After reviewing Defendant's

Brief and the applicable law, the Court **RECOMMENDS** that the motion for summary judgment

be **GRANTED.**

## I. BACKGROUND[1]

From January 3, 2014, through January 3, 2015, Plaintiff's property at 1633 Bridge Ave.,

Abilene, TX 79603 (the "Property,") was covered by an insurance policy purchased from

Defendant for losses due to storm-related events (the "Policy.") Plaintiff claims that the Property

was damaged by hail on June 12, 2014, and that Defendant's assessment of the damage caused,

conducted shortly thereafter, was "invalid." It is undisputed that the Property suffered hail

damage in 2011, that Plaintiff made a claim with his insurer at that time, and received payment

from that prior insurer for the replacement of his entire roof. Plaintiff did not replace his roof

---

[1] The factual background is undisputed or viewed in the light most favorable to the non-movant as required when ruling on a motion for summary judgment.

following that payment, and cannot identify any repairs made to damage from that 2011 storm.

The Policy, according to its terms, "applies only to losses occurring during the policy period."

## II. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* the party seeking summary judgment "always bears the initial responsibility of informing the [ ] court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether summary judgment is proper, the courts view the record and all reasonable inferences drawn from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

One the moving party has carried its initial burden, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine fact dispute. *Id.* at 586-87. The party defending against a summary judgment motion cannot defeat the motion without providing specific facts demonstrating a genuine dispute of material fact. *Anderson*, 477 U.S. at 247-48; *accord.* Fed. R. Civ. P. 56(c). In other words, "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Courts have no duty, furthermore, to search the record for a material disputed fact. *See id.*; *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

Courts may not grant summary judgment "by default merely because the non-moving party has failed to respond." *Cornish v. Tex. Dep't of Crim. Justice*, 2006 WL 509416, at *6

(N.D. Tex. Mar. 2, 2006). Rule 56(e) of the Federal Rules of Civil Procedure provides the courts

various discretionary options in such instances. Rule 56(e) states:

> If a party fails to properly support an assertion of fact or fails to properly address
> another party's assertion of fact as required by Rule 56(c), the court may:
>
> 1. give an opportunity to properly support or address the fact;
>
> 2. consider the fact undisputed for purposes of the motion;
>
> 3. grant summary judgment if the motion and supporting materials – including the
> facts considered undisputed – show that the movant is entitled to it; or
>
> 4. issue any other appropriate order.

### III. ANALYSIS

Safeco moves for summary judgment with respect to all of Plaintiff's claims. In

particular, Safeco argues that Plaintiffs cannot establish the causation element of a breach of

contract claim, which proves fatal to all claims in this case. Under Texas law, "[t]he elements of

a breach of contract claim are: (1) the existence of a valid contract; (2) performance tendered by

the plaintiff; (3) breach of the contract by defendant; and (4) damages to the plaintiff resulting

from that breach." *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App. – Houston

1997, no pet.). "[F]or an insurance company to be liable for a breach of its duty to satisfy a claim

presented by its insured, the insured must prove that its claim falls within the insuring agreement

of the policy." *Data Specialties, Inc. v. Transcontinental Inc. Co.*, 125 F.3d 909, 911 (5th Cir.

1997).

Safeco argues that Plaintiff cannot establish that the Property suffered damage due to a

covered peril. (Doc. 15 at 6). It argues that Plaintiff cannot satisfy his burden and establish that

any damage to the roof of the Property is covered because Plaintiff provides no evidence to

distinguish damage from other incidents. (Doc. 15 at 8). "An insured cannot recover under an

insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (1996). This does not mean that an insured cannot recover when damaged by both covered and non-covered perils, but that "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993). "Failure to provide evidence upon which a jury or court can allocate damages between those that resulted from covered perils and those that did not is fatal to an insured party's claim." *Nat'l Union Fire Ins. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010). As Plaintiff has provided no such evidence in response to the instant motion or at any other point, there can be no dispute that Plaintiff has failed to meet his burden under the law.

Having reviewed the evidence in the light most favorable to the Plaintiff, the Court finds no genuine dispute as to any material fact and that Safeco is entitled to judgment as a matter of law.

**IT IS RECOMMENDED** that this motion for summary judgment is **GRANTED** and all other pending motions in this case **DENIED AS MOOT.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

Dated June __7__, 2016.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**